■ NICOLE ALTMANN, Respondent, v EMIGRANT SAVINGS BANK, Appellant. [670 NYS2d 859] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 18, 1997, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The motion court erred in denying defendant's motion for summary judgment. Plaintiff did not sufficiently demonstrate the existence of a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). Specifically, plaintiff's evidence did not establish that defendant bank had prior knowledge that the dog that attacked and injured the infant was present on the premises and that it had exhibited vicious propensities

(*see*, *Strunk v Zoltanski*, 62 NY2d 572; *Gibbs v Grenadier Realty Corp.*, 173 AD2d 171). The bank had taken possession of the premises (by foreclosure) only five days before the attack. The foreclosure inspection reports of the premises, purportedly demonstrating defendant's knowledge of the dog's presence, failed to mention a dog on the premises. The Health Department report and the police report regarding a prior attack, purportedly by the same dog, indicated that the dog was not owned by the property owners against whom the foreclosure was brought and disagreed as to where the dog's alleged owner, a Mr. Kascur, lived. Allegedly, Kascur was related to those property owners, who, at the time of the attack, were apparently illegal holdovers. Nor is it relevant that Kascur made, or attempted to make, mortgage payments on the foreclosure property in January 1994, or that he may have been a borrower against that property.

Similarly, there was no proof of the dog's vicious tendencies or the bank's knowledge of such tendencies. The deposition testimony did not establish that the dog in question was present on the premises long enough for the bank to learn of its vicious tendencies or its presence, and no other evidence to that effect was presented. Photographs of the signs posted on the premises warning of a vicious dog are not pertinent to the issue of notice without additional, corroborative evidence of the bank's prior knowledge of a dog's vicious propensities (*Arcara v Whytas*, 219 AD2d 871; *cf.*, *Ford v Steindon*, 35 Misc 2d 339).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams, Mazzarelli and Saxe, JJ.