[682 NYS2d 42]

SAM RAUSMAN, Respondent, v ROSEMARIE BAUGH et al., Appellants.

Second Department, November 16, 1998

## APPEARANCES OF COUNSEL

*Proskauer Rose, L. L. P.,* New York City (*Charles S. Sims* and *John R. Braatz* of counsel), for appellants.

*Eugene Nathanson,* New York City, for respondent.

## OPINION OF THE COURT

ROSENBLATT, J. P.

The defendant Maimonides Medical Center (hereinafter Maimonides) discharged the plaintiff after investigating a sexual harassment complaint against him. The defendant Rosemarie Baugh, a Maimonides employee, brought the complaint against the plaintiff in his capacity as her supervisor. In this defamation action, the plaintiff has sued Baugh, individually, and has pleaded five causes of action against Maimonides. The Supreme Court dismissed four of them, from which the plaintiff has not cross-appealed. It left intact one cause of action against Maimonides, based on "respondeat superior". The primary question before us is whether Maimonides may be held liable for the defendant Baugh's statements, which the plaintiff characterizes as defamatory. Asserting that the Supreme Court should have dismissed the "respondeat superior" cause of action Maimonides has appealed. For reasons that follow, we agree with Maimonides.

The plaintiff worked at Maimonides as Assistant Director of the Department of Social Work. In April 1996, Maimonides hired Rosemarie Baugh as a social worker. She served under the plaintiff's supervision. On or about July 11, 1996, Baugh complained that the plaintiff had sexually harassed her by making sexually inappropriate comments. She also stated that the plaintiff assigned her to the late shift after she rebuffed his overtures. Following a nine-day investigation, Maimonides discharged the plaintiff on July 25, 1996. He then brought this suit against Baugh and Maimonides.

In seeking to establish a defamation case against Maimonides, the plaintiff points out that Maimonides had a written policy for reporting sexual harassment to management, and that management also assured its employees that sexual harassment "will not be condoned". The plaintiff cites these managerial policies and assurances to support his claim that Baugh's alleged slander fell within the scope of her employment, which is to say, in furtherance of the business of her employer, Maimonides.

The Supreme Court held that there were questions of fact as to whether Baugh's statements were made "within the scope of

her employment or whether they were made solely for personal motives unrelated to [Maimonides'] business". We disagree. By merely developing a policy, and a manual, along with seminars and procedures to discourage and deal with sexual harassment at its workplace, Maimonides did not open itself up to liability for defamation based on one employee's statements about another.

Under the doctrine of respondeat superior, an employer is answerable for the torts of an employee who acts within the scope of his or her employment (*see, Riviello v Waldron,* 47 NY2d 297). The purpose of the rule is to render the employer responsible, in proper cases, for the employee's tortious acts, which although errant, were done in furtherance of the employer's business (*see, Sauter v New York Tribune,* 305 NY 442). The theory is that the employer should, as a required cost of doing business, in an appropriate case, compensate a party harmed by an employee who was acting not on his or her own behalf, but in the employer's service (*see, Adams v New York City Tr. Auth.,* 88 NY2d 116, 119).

In a variety of tort cases, the rule of respondeat superior has been applied with such regularity that the employer or the company is the primary defendant, routinely answerable for all manner of employee behavior, from bus driving (*see, Karoon v New York City Tr. Auth.,* 241 AD2d 323) to leaving lettuce leaves on the floor (*see, Bianchi v Loblaw Groceterias,* 304 NY 886).

As in the case before us, a good deal of respondeat superior litigation has centered around the employee's scope of employment. There is no single mechanical test to determine whether at a particular moment an employee is engaged in the employer's business (*see, Riley v Standard Oil Co.,* 231 NY 301, 304), but decisional law has yielded various formulations, which are instructive. Did the employee's act—here, the alleged defamation—fall within the direction and control of the employer? (*See, Johnson v Daily News,* 34 NY2d 33; *Lundberg v State of New York,* 25 NY2d 467.) Did the employee act under the express or implied authority of the employer? (*See, Cooke v Drigant,* 289 NY 313, 317.) Was the employee's act in furtherance of the employer's interests? (*Sims v Bergamo,* 3 NY2d 531, 535; *Sauter v New York Tribune, supra; Clark v Harnischfeger Sales Corp.,* 238 App Div 493.) Were the employee's acts in the "discharge of duty" to the employer? (*Joseph v City of Buffalo,* 83 NY2d 141, 145.) Was it an act in the execution of the employer's orders or part of the work assigned by the

employer? (*See generally,* 53 NY Jur 2d, Employment Relations, § 334.) Were the acts "so closely connected" with what the employee was hired to do, and "so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment"? (Prosser and Keeton, Torts § 70, at 502 [5th ed].) Applying these tests, the plaintiff's claim must fail.

Invoking respondeat superior both in defamation cases and in sexual harassment cases is not unprecedented. Indeed, the doctrine's application to suits for defamation has been long established (*see, Cantrell v Forest City Publ. Co.,* 419 US 245, 253-254; *Stukuls v State of New York,* 42 NY2d 272; *Caplan v Winslett,* 218 AD2d 148). Although the concept of applying respondeat superior to sexual harassment cases may be relatively recent as things go, it is now far from novel. Respondeat superior has been implicated in sexual harassment decisions, particularly under Federal statutes, in cases involving both a hostile workplace environment (*see, e.g., Bonenberger v Plymouth Twp.,* 132 F3d 20 [3d Cir 1997]) and "quid pro quo" claims (*see, e.g., Chamberlin v 101 Realty,* 915 F2d 777 [1st Cir 1990]; *see also,* Oppenheimer, *Exacerbating the Exasperating: Title VII Liability of Employers for Sexual Harassment Committed by Their Supervisors,* 81 Cornell L Rev 66 [1995]). What is novel, however, and in our view untenable, is the plaintiff's proposal that respondeat superior be applied to allegedly defamatory remarks made by an employee complaining of sexual harassment by another employee, in this case, her supervisor.

Maimonides argues that respondeat superior liability has never been carried that far and, if it were, it would discourage employers from dealing with sexual harassment. Maimonides points out that an employer who acts with vigilance and promptness in dealing with sexual harassment may be spared from liability (*see, e.g., Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 53-54; *Perry v Ethan Allen, Inc.,* 115 F3d 143, 153 [2d Cir 1997]; *Nash v Electrospace Sys.,* 9 F3d 401 [5th Cir 1993]; *see also,* Note, *Title VII Sexual Harassment: Recognizing an Employer's Nondelegable Duty to Prevent a Hostile Workplace,* 95 Colum L Rev 724 [1995]). Conversely, employers who have acquiesced in sexual harassment at the workplace have been open to liability based on, among other concepts, respondeat superior, particularly under Federal law (*see, e.g., Steele v Offshore Shipbuilding,* 867 F2d 1311, 1316 [11th Cir 1989]; *Huddleston v Roger Dean Chevrolet,* 845 F2d 900, 904 [11th Cir 1988]; *Waltman v*

*International Paper Co.*, 875 F2d 468, 477 [5th Cir 1989]; *Sparks v Jay's A.C. & Refrig.*, 971 F Supp 1433, 1436 [MD Fla 1997]; *see also, Burlington Indus. v Ellerth*, 524 US 742; *Faragher v Boca Raton*, 524 US 775; *see also*, Annotation, *When is Work Environment Intimidating, Hostile, or Offensive, so as to Constitute Sexual Harassment in Violation of Title VII of Civil Rights Act of 1964, as Amended*, 78 ALR Fed 252; Note, *Employer Liability for Sexual Harassment: The Morass of Agency Principles and Respondeat Superior*, 1993 U Ill L Rev 589 [1993]; Staszewski, *Using Agency Principles for Guidance in Finding Employer Liability for a Supervisor's Hostile Work Environment Sexual Harassment*, 48 Vand L Rev 1057 [1995]; *see also, Blankenship v Parke Care Ctrs.*, 123 F3d 868 [6th Cir 1997], *cert denied* 522 US 1110 [mislabeling of employer's liability as respondeat superior, rather than direct, liability in co-worker cases]; *Pfau v Reed*, 125 F3d 927 [5th Cir 1997] ).

Given this landscape Maimonides contends that the virtuous employer would be placed in a legal quandary: employers are open to liability—even though the theoretical premise for liability may vary—when they improperly tolerate sexual harassment at the workplace; on the other hand, employers who are purportedly vigilant and decisive would, if the plaintiff's position prevails, face liability under respondeat superior for defamation. Put differently, respondeat superior if you do; respondeat superior (or some other form of liability) if you don't. The bases for liability would be serving opposing objectives and may coexist only by sacrificing one goal or chilling the other.

Although New York courts, in sexual harassment cases, fully recognize the potential liability of an employer who condones a hostile work environment (*see, Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, *supra* [collecting cases]), we know of no decision in which the doctrine of respondeat superior has been invoked, under State or Federal law, so as to impose that theory of liability on an employer for an employee's allegedly false accusation of sexual harassment, and it does not apply in this case.

In the context of the case before us, Baugh's statements were simply not made in the "scope of employment". In accusing the plaintiff of sexual harassment, Baugh may have been availing herself of company procedures but was not carrying out a *duty* to the employer. She was free to make the accusation or not; she was under no orders to make the accusation. Moreover,

she was under no legal duty to complain (*see, Perry v Harris Chernin, Inc.,* 126 F3d 1010, 1014 [7th Cir 1997]). Had she remained silent, she would certainly not have been open to employee discipline or sanction. Moreover, by making the accusation she could not be said to have been "furthering" the employer's business in any but the remotest sense, nor did she make the statement under the employer's "direction" or "control". Most revealingly, however, Baugh did not make the allegedly defamatory remarks as part of the work assigned by the employer. Maimonides is in the hospital business; it is not an agency or facility created to report or investigate sexual harassment. This point is fatal to the plaintiff's respondeat superior cause of action. The grocery clerk who drops the lettuce leaves on which a customer slips was not paid to drop the lettuce, but was indeed paid to put it on the shelf, just as the bus driver who negligently causes an accident was not paid to injure anyone but was indeed paid to drive. In contrast, Baugh, as a social worker, was not hired for the purpose of making allegations of alleged sexual harassment, let alone defamatory ones, and it was certainly not a part of her job description (*see, e.g., Sanders v Casa View Baptist Church,* 134 F3d 331, 339 [5th Cir 1998]).

The defendants' contentions concerning the Supreme Court's failure to dismiss the plaintiff's second cause of action against Baugh are without merit.

Accordingly, we modify the order by deleting the provision thereof which denied that branch of the defendants' motion which was to dismiss the plaintiff's fourth cause of action against the defendant Maimonides Medical Center and substitute a provision granting that branch of the motion, and the complaint against Maimonides Medical Center is dismissed in its entirety.

O'BRIEN, RITTER and KRAUSMAN, JJ., concur.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the defendants' motion which was to dismiss the fourth cause of action against Maimonides Medical Center and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, the complaint is dismissed in its entiretly insofar as asserted against Maimonides Medical Center, and the action against the remaining defendant is severed.