■ MARIA A. LEBRON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [702 NYS2d 623] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated May 26, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that order is affirmed, with costs.

The infant plaintiff was injured when he was bitten by a dog owned by a tenant of the defendant. The keeping of the dog by the tenant was in violation of the tenant's lease with the defendant. In a case arising from a dog bite, where, as here, the plaintiff is seeking to recover against a defendant landlord under a theory of strict liability, the plaintiff must prove that the defendant had both notice that the dog was being harbored on the premises, and that the dog had vicious propensities of which the defendant knew, or should have known (*see, Beljean v Maiuzzo,* 256 AD2d 533).

The defendant's moving papers established a prima facie case of entitlement to judgment as a matter of law. The burden

then shifted to the plaintiff to raise a triable issue of fact as to whether the defendant had knowledge that the tenant was harboring the animal on the premises and, if so, whether the defendant also knew that the dog had vicious propensities (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *see also, Strunk v Zoltanski,* 96 AD2d 1074, *affd* 62 NY2d 572).

Contrary to the plaintiff's contention, she failed to raise a triable issue of fact that the defendant possessed such knowledge. Accordingly, the Supreme Court properly granted summary judgment to the defendant (*see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York,* 49 NY2d 557). Santucci, J. P., S. Miller, Feuerstein and Smith, JJ., concur.