■ BERNADETTE JOE et al., Respondents, v ORBIT INDUSTRIES, LTD., Appellant, et al., Defendants. [703 NYS2d 14] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about September· 23, 1998, denying defendant Orbit Industries, Ltd.'s motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

This is a personal injury action involving two infant plaintiffs arising out of their being bitten by a pit bull. The issue before us is whether, on this record, defendant Orbit Industries, Ltd. can be charged with harboring the dog, which had been seen numerous times over the two-week period prior to the incident chained to a pole in a vacant lot owned by defendant Nicholas Proios and leased to defendant Viviana Furniture & Mattress, Inc., neither of whom is a party to this appeal.

Orbit argues that, in any event, notice of the dog's vicious propensities has not been shown. The lot, gated and locked and used for the parking of Viviana's trucks, adjoined a garage located at 535 E. 167th Street, which, for purposes of this appeal, was owned by Orbit. The garage tenant had disappeared sometime in February 1995 and, unbeknownst to Orbit, had been succeeded in possession by Richie Hagen, a subtenant of the departed tenant, who operated what appeared to be an auto body shop on the premises and whom Orbit wished to remove. There is no evidence as to who owned the dog, which allegedly was seen barking and jumping at passersby. In two trips to the premises, Orbit's principal did not see the dog.

Orbit moved for summary judgment on the grounds it did not own or harbor the dog, it neither owned nor leased the property on which the dog had been seen and had no knowledge of or control over the dog. In opposition, plaintiffs claimed that the dog had been seen on numerous occasions in the garage. In direct contradiction of her deposition testimony, the mother of one of the infant plaintiffs, in her affidavit, stated that she had observed that the dog was kept in the garage during the "nighttime hours" and that the dog would "travel back and forth between the lot and the garage through a side door in the garage." The motion court denied the motion, finding, erroneously, that the attesting mother had not been deposed, and that she had stated that she had seen the dog both in the empty lot, chained, and at the garage, thereby creating an issue of fact. We reverse.

The mother's affidavit in opposition attesting to having seen the dog at the garage premises contradicts her deposition, in which she testified that she had only seen the dog tied up in the vacant lot. Her self-serving affidavit opposing the motion cannot be relied upon to contradict her prior testimony (*Kistoo v City of New York*, 195 AD2d 403), and, thus, is insufficient to raise a genuine, as opposed to feigned, issue of fact as to Orbit's ownership or control of the dog. Plaintiffs failed to submit any evidence to contradict Orbit's showing that it neither owned nor controlled the dog or the entry to the lot in which the dog, tied up, had been observed. In the absence of a showing that Orbit owned or controlled the dog or the premises where the dog was kept (*see*, *Altmann v Emigrant Sav. Bank*, 249 AD2d 67), Orbit cannot be held liable. Nor, although the issue need not be reached, has there been any showing of the dog's vicious propensities. (*Supra.*) Evidence of the dog's breed does not necessarily establish vicious propensity. (*Rivers v New York City Hous. Auth.*, 264 AD2d 342.) Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.