■ Ashley E. Bemiss et al., Appellants, v Edwin F. Acken, Respondent, et al., Defendants. [709 NYS2d 592] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated September 28, 1998, as granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff, Ashley E. Bemiss, was bitten by a dog owned by the defendants Terry Williams and Robert Williams. The incident occurred on the first day that the Williams defendants were caring for Ashley in a day care facility they operated in their home. The plaintiffs thereafter commenced this action against the Williams defendants and the respondent, who owned the premises and leased it to the Williams defendants.

After the respondent made a prima facie showing of his entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact. With respect to the second cause of action, where, as here, the plaintiffs seek to recover against a landlord under a theory of strict liability for a dog bite, the plaintiffs must prove that the landlord had notice that the dog was being harbored on the premises, and that the landlord knew or should have known that the dog had vicious propensities (*see, Lebron v New York City Hous. Auth.,* 268 AD2d 563). After the respondent submitted evidentiary proof that he lacked any knowledge that the dog that bit Ashley had vicious propensities, the plaintiffs failed to proffer any evidence to show the existence of a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Altman, J. P., Friedmann, McGinity and Smith, JJ., concur.