■ ALLAN FINNEY, Individually and as Parent and Natural Guardian of STACEY FINNEY, an Infant, Respondent, v CARLO FRAIOLI, Appellant, et al., Defendant. [721 NYS2d 274] —In an action to recover damages for personal injuries, etc., the defendant Carlo Fraioli appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated May 16, 2000, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

A plaintiff seeking to recover against a landlord under a theory of strict liability for a dog bite must prove that the landlord had notice that the dog was being harbored on the premises and that the landlord knew or should have known that the dog had vicious propensities (*see, Bemiss v Acken,* 273 AD2d 332; *Lebron v New York City Hous. Auth.,* 268 AD2d 563).

The Supreme Court erred in denying the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him. The appellant's moving papers established a prima facie case of entitlement to judgment as a matter of law, and the plaintiffs failed to raise a triable issue of fact (*see, Bemiss v Acken, supra*; *Lebron v New York City Hous. Auth., supra*; *Altmann v Emigrant Sav. Bank,* 249 AD2d 67; *Arcara v Whytas,* 219 AD2d 871). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.