■ CYNTHIA KEMPTER et al., Respondents, v TIMOTHY ERBAN et al., Defendants, and GEORGE MALLES, Appellant. [726 NYS2d 713] —In an action to recover damages for personal injuries, etc., the defendant George Malles appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered November 15, 2000, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and granted the plaintiffs' cross motion to strike the third and fourth affirmative defenses asserted in his answer and for leave to serve a supplemental bill of particulars.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, the cross motion is denied, and the action against the remaining defendants is severed.

A plaintiff seeking to recover damages from a landlord under a theory of strict liability for a dog bite must prove that the landlord had notice that the dog was being harbored on the premises and that the landlord knew or should have known that the dog had vicious propensities (*see, Bemiss v Acken,* 273 AD2d 332; *Lebron v New York City Hous. Auth.,* 268 AD2d 563).

Here, the Supreme Court erred in denying the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him, as the appellant's moving papers established a prima facie case of entitlement to judgment as a matter of law. The appellant submitted evidentiary proof that he lacked any knowledge that the dog had vicious propensities, and the plaintiffs failed to raise a triable issue of fact (*see, Bemiss v Acken, supra; Lebron v New York City Hous. Auth., supra*).

In light of this determination, the Supreme Court should also have denied the plaintiffs' cross motion. Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.