■ ANTHONY BAISI et al., Appellants, v GUSTAVO GONZALEZ et al., Defendants, and WILLIAM GONDA, Respondent. [728 NYS2d 697] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 12, 2000, as granted the motion of the defendant William Gonda for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, a plaintiff seeks to recover against a landlord under a theory of strict liability for a dog bite, the plaintiff must prove that the landlord had notice that a dog was being harbored on the premises, and that the landlord knew or should have known that the dog had vicious propensities (*see, Finney v Fraioli,* 281 AD2d 389; *Bemiss v Acken,* 273 AD2d 332; *Lebron v New York City Hous. Auth.,* 268 AD2d 563).

The respondent landlord, William Gonda, established a prima facie case of entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint insofar as asserted against the respondent (*see, Finney v Fraioli, supra*). O'Brien, J. P., Krausman and Schmidt, JJ., concur.

Crane, J., dissents and votes to reverse the order, deny the motion, and reinstate the complaint insofar as asserted against the defendant William Gonda, in the following memorandum in which Goldstein, J., joins: The infant plaintiff in this case was bitten by a pit bull dog harbored by tenants on premises owned by the defendant, William Gonda. The tenants kept the dog in violation of their lease with the defendant. The general rule is that, where premises are rented by a tenant who acquires exclusive possession and control, the landlord is not liable for attacks by animals kept by the tenant on the premises where the landlord has no knowledge of the animal or its dangerous proclivities at the time of the initial leasing of the premises (*see, Strunk v Zoltanski,* 62 NY2d 572, 575). However, if during the term of the leasehold a landlord becomes aware of

the fact that his tenant is harboring an animal with vicious propensities, he owes a duty to protect third persons from injury so long as he has control of the premises or other capability to remove or confine the animal (*see, Strunk v Zoltanski, supra*, at 575-576).

At issue here is whether the defendant was aware that the dog was on the premises and, if so, whether he knew of its vicious bent. The defendant submitted an affidavit in support of the motion for summary judgment stating that he rarely was at the tenants' premises, and that he had no knowledge that a dog was being kept on the premises. The defendant also stated that he was once at the premises to repair the boiler and he "noticed a puppy. However, since there seemed to be a gathering commencing with a number of people present, I did not inquire as to whom [*sic*] owned the puppy."

Even if it can be said that the defendant barely met his burden of proving, in the first instance, that he had no knowledge of the dog on the premises, the plaintiffs in opposition submitted proof sufficient to raise a triable issue of fact. This took the form of affidavits of the tenants' neighbors attesting to the fact that, not only was the defendant seen at the premises on more occasions than he claimed, but that "[e]veryone in the neighborhood knows that the Gonzalezes had two vicious pit bulls when they moved into the house in 1993."

A landlord must exercise reasonable care not to expose third persons to an unreasonable risk of harm (*see, Strunk v Zoltanski, supra*, at 576). It is not reasonable for a landlord to remain ignorant of a dangerous condition on the premises when that condition is widely known throughout the neighborhood. It simply cannot be said as a matter of law that there is no issue as to the constructive knowledge of the defendant or as to whether his claim of ignorance is feigned or wilful. Everyone else in the neighborhood allegedly knew of the vicious dogs harbored by his tenants. If this is true, the defendant should also have known.

In the circumstances of this case, the affidavits submitted raise issues of credibility which may not be resolved on a motion for summary judgment (*see, Strunk v Zoltanski, supra*, at 575; *Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341). Therefore, the defendant's motion for summary judgment should have been denied.