■ Paul Calafiore, Respondent, v Carol Penna, Defendant, and Ramada, Inc., et al., Appellants. [734 NYS2d 615] —In an action, *inter alia,* to recover damages for defamation, the defendants Ramada, Inc., Riverhead Hotel Group, Inc., and Ramada Franchise System, appeal from an order ·of the Supreme Court, Suffolk County (Gerard, J.), dated September 18, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

This case arises out of an incident where signs accusing the plaintiff of being a convicted sex offender, which were purportedly notices pursuant to "Megan's Law" (Correction Law art 6-C), were posted throughout the hotel where he was employed by a coemployee, the defendant Carol Penna. The plaintiff commenced this action against, among others, the appellants, to recover damages for defamation.

Contrary to the Supreme Court's determination, the appellants established their entitlement to judgment as a matter of law by submitting the affidavit of the general manager of the appellant Riverhead Hotel Group, Inc., the owner of the hotel, who stated that Penna's actions were not authorized and were not within the scope of her employment. In opposition, as properly determined by the Supreme Court, the plaintiff failed

to present evidence sufficient to raise a triable issue of fact with regard to whether Penna was acting within the scope of her employment (*see, Rausman v Baugh,* 248 AD2d 8; *see also, Zuckerman v City of New York,* 49 NY2d 557). Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.