■ Raymond Madaia et al., Appellants, v Debra Petro, Defendant, and Dawn Donovan, Also Known as Dawn Egbert, Respondent. [738 NYS2d 676] —In an action to recover damages

for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated May 22, 2001, as, upon reargument, adhered to so much of its original determination as granted that branch of the motion of the defendant Dawn Donovan, also known as Dawn Egbert, which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff, Gregory Michael Madaia, was bitten by a dog owned by the defendant Debra Petro in premises that she leased from the defendant Dawn Donovan also known as Dawn Egbert, an out-of-possession landlord. Where, as here, the plaintiffs seek to recover against a landlord under a theory of strict liability for a dog bite, they must prove that the landlord had notice that the dog was being harbored on the premises, and that the landlord knew or should have known that the dog had vicious propensities (*see, Bemiss v Acken,* 273 AD2d 332; *Lebron v New York City Hous. Auth.,* 268 AD2d 563). After Donovan submitted evidentiary proof that she lacked any knowledge of the existence of the dog on the subject premises, the plaintiffs failed to raise a triable issue of fact. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.