■ WALTER DONOHUE, Appellant, v KENNETH YOUNG et al., Defendants, and CITY OF NEW YORK, Respondent. [751 NYS2d 253] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated September 14, 2001, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant City of New York established its entitlement to judgment as a matter of law by presenting sufficient evidence that the defendant Kenneth Young was not acting within the scope of his employment as a New York City firefighter when, while off-duty and attending to personal business, he stopped his personal vehicle on the Van Wyck Expressway to attend to a car fire in a separate lane of traffic (*see Zuckerman v City of New York,* 49 NY2d 557, 562; *Riviello v Waldron,* 47 NY2d 297; *Rausman v Baugh,* 248 AD2d 8). Contrary to the plaintiff's contention, he failed to raise an issue of fact that in performing this undertaking Young was acting under the direction or control of the City, pursuant to orders given by the City, rather than as a voluntary endeavor. Because Young acted voluntarily, the doctrine of respondeat superior does not apply here, and the City cannot be held vicariously liable for the acts of its employee (*see Riviello v Waldron, supra; Rausman v Baugh, supra; see also Calafiore v Penna,* 289 AD2d

359; *Manno v Mione,* 249 AD2d 372). Altman, J.P., Smith, H. Miller and Adams, JJ., concur.