■ ROKEISHA SMITH et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [757 NYS2d 603] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 17, 2002, which granted the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant New York City Housing Authority (hereinafter the NYCHA) established its entitlement to judgment as a matter of law by presenting admissible evidence that, as landlord, it did not have notice that a dog was being harbored at the subject premises and that the dog had vicious tendencies (*see Madaia v Petro,* 291 AD2d 482, 483 [2002]; *see generally Baisi v Gonzalez,* 97 NY2d 694 [2002]). Contrary to the plaintiffs' contention, they failed to raise a triable issue of fact that the NYCHA had either actual or constructive notice of the presence of the dog (*see Lebron v New York City Hous. Auth.,* 268 AD2d 563 [2000]; *cf. Baisi v Gonzalez, supra*). Moreover, constructive notice of the presence of the dog cannot be imputed to the NYCHA based solely on the fact that the defendant Denise Corbit was a seasonal employee of the NYCHA on the date of the bite, because the possession of the dog bore no relation to her work duties and she harbored the dog in contravention of her lease. Additionally, an employer cannot be vicariously liable for the tortious acts committed by an employee which are unrelated to the employer's business and pursued solely for the employee's personal motives (*see Donohue v Young,* 298 AD2d 354 [2002]; *cf. Riviello v Waldron,* 47 NY2d 297, 302 [1979]). Therefore, the Supreme Court properly granted the NYCHA's motion for summary judgment dismissing the complaint insofar as asserted against it. Altman, J.P., Smith, McGinity and Crane, JJ., concur.