■ TRAVERSE WILSON et al., Respondents, v GEORGIA LIVINGSTON, Defendant, and HOMESTEAD EQUITIES, INC., Appellant. [762 NYS2d 408] —In an action to recover damages for personal injuries, etc., the defendant Homestead Equities, Inc., appeals from a judgment of the Supreme Court, Kings County (Lewis, J.), entered May 31, 2001, which, upon a jury verdict awarding the plaintiff Traverse Wilson the principal sums of $100,000 for past pain and suffering and $1,200 for medical expenses, awarding the plaintiff Cynthia Wilson the principal sums of $450,000 for past pain and suffering, $5,000 for medical expenses, and $100,000 for future pain and suffering, and awarding the plaintiff Joel Wilson the principal sum of $50,000 for loss of consortium, is in favor of the plaintiffs and against it.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding damages to Traverse Wilson for past pain and suffering, to Cynthia Wilson for past and future pain and suffering, and to Joel Wilson for loss of consortium; as so modified, the judgment is affirmed, with costs to the appellant, and a new trial is granted on the issue of damages to Traverse Wilson for past pain and suffering, to Cynthia Wilson for past and future pain and suffering, and to Joel Wilson for loss of consortium, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiff Cynthia Wilson, on behalf of herself and the infant plaintiff Traverse Wilson, and the plaintiff Joel Wilson, shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to a reduction in the verdict as to damages for Traverse Wilson for past pain and suffering from the sum of $100,000 to the sum of $35,000, for Cynthia Wilson for past pain and suffering from the sum of $450,000 to the sum of $100,000, and for future pain and suffering from the sum of $100,000 to the sum of $50,000, and for Joel Wilson for loss of consortium from the sum of $50,000 to the sum of $5,000, and to the entry of an appropriate amended judgment accordingly;

in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The infant plaintiff, Traverse Wilson, and his mother, the plaintiff Cynthia Wilson, both were injured when they were bitten by the defendant Georgia Livingston's dog. Livingston kept the dog at the building where she rented an apartment from the appellant, Homestead Equities, Inc. (hereinafter Homestead). Homestead appeals from the judgment entered upon a jury verdict which, inter alia, found it liable to the plaintiffs for the damages set forth above. To recover against a landlord in strict liability for a dog bite, a plaintiff "must prove that the landlord had notice that the dog was being harbored on the premises, and that the landlord knew or should have known that the dog had vicious propensities" (*Madaia v Petro,* 291 AD2d 482 [2002]). There was sufficient evidence in the record for the jury to find that Livingston knew or should have known of the dog's vicious propensities based on the nature of the attack, which was "plainly unprovoked and quite severe" (*Brophy v Columbia County Agric. Socy.,* 116 AD2d 873, 874 [1986]). Further, although "[p]roof of a previous attack is unnecessary where other factors are indicative of knowledge" (*Brophy v Columbia County Agric. Socy., supra* at 874), the dog previously had bitten Livingston's daughter, who required treatment in an emergency room (*see Lydon v Reviaska,* 284 AD2d 508 [2001]).

Moreover, the record demonstrates that Livingston, who maintained Homestead's premises in exchange for a reduced rent, was Homestead's agent, and thus Livingston's knowledge of the dog's presence and vicious propensities is imputed to Homestead for the purpose of establishing its vicarious liability to the plaintiffs (*cf. Brundrige v Howes,* 259 AD2d 895 [1999]).

The damage awards are excessive to the extent indicated herein (*see* CPLR 5501 [c]).

Homestead's remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.