■  Lynette White, Appellant, v Kings Village Corp., Respondent, et al., Defendant. (And a Third-Party Action.) [799 NYS2d 747]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated April 27, 2004, which, upon renewal, granted the motion of the defendant Kings Village Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff fell to the ground when the defendant Angelina Smith's dog suddenly lunged at her, on a sidewalk abutting a building owned by the defendant Kings Village Corp. To recover against a landlord for injuries caused by a tenant's dog, a plaintiff must show that the landlord had notice that a dog was being harbored on the premises, and that the landlord knew or should have known that the dog had vicious propensities (*see Wilson v Livingston*, 305 AD2d 585 [2003]; *Madaia v Petro*, 291 AD2d 482 [2002]; *Lebron v New York City Hous. Auth.*, 268 AD2d 563 [2000]). Even assuming that the incident occurred on its private sidewalk, Kings Village Corp. established its entitlement to judgment as a matter of law by demonstrating that it lacked any knowledge that the dog had vicious propensities (*see Kempter v Erban*, 284 AD2d 503 [2001]; *Bemiss v Acken*, 273 AD2d 332 [2000]; *Nichols v Cardone*, 257 AD2d 612 [1999]; *Althoff v Lefebvre*, 240 AD2d 604 [1997]). In opposition, the plaintiff failed to submit evidence in admissible form sufficient to raise a triable issue of fact (*see Maniscalco v Liro Eng'g Constr. Mgt.*, 305 AD2d 378 [2003]). Therefore, upon renewal, the Supreme Court properly granted the motion of Kings Village Corp. for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur.