■ MASSIMILIANO BARTOLI, Respondent, v ASTO CONSTRUCTION CORP. et al., Appellants. [802 NYS2d 463]—

In an action to recover damages for personal injuries, the defendant Asto Construction Corp. appeals, and the defendants Essex Works, Ltd., and Douglas J. Schickler separately appeal, from a judgment of the Supreme Court, Kings County (Douglass, J.), dated April 29, 2004, which, upon, inter alia, an order of the same court (F. Rivera, J.) dated October 16, 2003, denying that branch of the motion of the defendant Asto Construction Corp. which was for summary judgment dismissing the complaint

insofar as asserted against it, a jury verdict on the issue of liability finding Asto Construction Corp. 25% at fault for the injury to the plaintiff and Essex Works, Ltd., and Douglas J. Schickler 75% at fault, and a jury verdict on the issue of damages awarding the plaintiff the sums of $15,000 for past pain and suffering, $10,000 for past disfigurement, and $141,000 for future disfigurement ($3,000 per year for 47 years), and upon the denial of the motion of the defendant Asto Construction Corp. pursuant to CPLR 4404 (a) to set aside the damages verdict as against the weight of the evidence, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, that branch of the motion of the defendant Asto Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it granted, the order dated October 16, 2003, is modified accordingly, the action against the remaining defendants is severed, and the matter is remitted to the Supreme Court, Kings County, for a new trial with respect to damages as against the remaining defendants.

The plaintiff, a tenant in premises owned by the defendant Asto Construction Corp., was injured when he was bitten by a dog. The dog was owned by another tenant of the premises, Essex Works, Ltd., and the owner of that corporation, the defendant Douglas J. Schickler (hereinafter collectively the defendants). In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, Asto made a prima facie showing of entitlement to judgment as a matter of law. It demonstrated that it had no notice of the vicious propensities of the defendants' dog (see Sers v Manasia, 280 AD2d 539, 540 [2001]; Kempter v Erban, 284 AD2d 503 [2001]; Finney v Fraioli, 281 AD2d 389 [2001]), and that the dog's conduct that resulted in the plaintiff's injuries was not vicious or reasonably foreseeable (see Luts v Weeks, 268 AD2d 568, 569 [2000]; Althoff v Lefebvre, 240 AD2d 604 [1997]). Since the plaintiff failed to raise a triable issue of fact in response, Asto's motion should have been granted (see Smith v New York City Hous. Auth., 304 AD2d 646 [2003]; Lebron v New York City Hous. Auth., 268 AD2d 563 [2000]).

A new trial on the issue of damages is warranted. Since a disfigurement, such as the scar suffered by the plaintiff, is not a separate element of damages deserving a distinct award but is, instead, only a factor to be considered by the jury in assessing damages for conscious pain and suffering, the Supreme Court erred in instructing the jury to make a separate determination

with respect to that issue (*see generally Nussbaum v Gibstein,* 73 NY2d 912 [1989]; *McDougald v Garber,* 73 NY2d 246 [1989]; *Pallotta v West Bend Co.,* 166 AD2d 637 [1990]). In addition, at the prompting of the plaintiff's counsel, the jury improperly applied a "time-unit" method of calculating future damages (*see De Cicco v Methodist Hosp. of Brooklyn,* 74 AD2d 593 [1980]).

The appellants' remaining contentions are either without merit or need not be reached in light of our determination. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.