█ OGBEIDE CLIFFORD, Respondent, v JOHNNY ROGERS et al., Appellants, et al., Defendant. [805 NYS2d 645]—

In an action to recover damages for personal injuries, the defendants Johnny Rogers and Nancy Rogers appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated November 4, 2004, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff commenced this action to recover damages he allegedly sustained when attacked by a Rottweiler dog while he was walking his own dog. The attack occurred on a street corner in the neighborhood of a home owned by the appellants, Johnny Rogers and Nancy Rogers. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the appellants submitted their sworn deposition testimony that the dog was owned by their adult son, and that neither the son nor the dog resided with them at or near the time in question. Rather, they asserted, the dog was in the area only because their son had brought the dog

with him when he came to their home to retrieve some mail. Moreover, the appellants testified at examinations before trial that they had never seen the dog display any vicious propensities, and they had not received any complaints concerning the same before the alleged attack at issue. In opposition to this prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to any basis upon which liability might be imposed against the appellants (*see Schwartz v Nevatel Communications Corp.*, 8 AD3d 469 [2004]; *Wilson v Livingston*, 305 AD2d 585 [2003]; *Colarusso v Dunne*, 286 AD2d 37 [2001]). Thus, the appellants were entitled to summary judgment dismissing the complaint. Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.