■ SUSANA HAN, an Infant, by Her Father and Natural Guardian, FENG HAN, et al., Respondents, v F & M ENTERPRISE OF CORONA CORP., Appellant. [740 NYS2d 227] —In an action to

recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Posner, J.), dated November 1, 2001, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, a plaintiff seeks to recover in strict liability for a dog bite, the plaintiff must prove that the dog had vicious propensities and that the owner or the person in control of the premises where the dog was kept knew or should have known of such propensities (*see White v Bruner,* 233 AD2d 439; *Strunk v Zoltanski,* 62 NY2d 572). Here, there exist triable issues of fact as to whether the subject dog had vicious propensities, and if so, whether those propensities were known or should have been known to the defendant (*see Beljean v Maiuzzo,* 256 AD2d 533; *Coon v Holmes,* 253 AD2d 731; *Moriano v Schmidt,* 133 AD2d 72). Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.