(February 20, 2007)

■ Rahaman Ali et al., Appellants, v Katherine G. Weigand et al., Respondents. [830 NYS2d 354]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), entered November 29, 2005, as granted the motion of the defendant Katherine G. Weigand for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 17, 2003 the plaintiff Rahaman Ali (hereinafter the plaintiff) was unloading a mini-van from his tow truck onto the property located at 55-100 55th Street, Maspeth, Queens. The property was leased by the defendant NTM Motors, Inc. (hereinafter NTM), and owned by the out-of-possession landlord, the defendant Katherine G. Weigand. The plaintiff allegedly was chased by two dogs kept on the property. As he tried to escape from the dogs, the plaintiff ran up the back ramp of his truck and fell several feet to the ground.

To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises, (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the

premises to allow the landlord to remove or confine the dog (see Bard v Jahnke, 6 NY3d 592 [2006]; Baisi v Gonzalez, 97 NY2d 694 [2002]; Young v Tirrell, 1 AD3d 509 [2003]; Mehl v Fleisher, 234 AD2d 274 [1996]). After Weigand presented evidentiary proof that she lacked knowledge that the dogs had vicious propensities, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the motion of the defendant Weigand for summary judgment dismissing the complaint insofar as asserted against her. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.