■ ROBERT BENNETT et al., Respondents, v MARY ANN WHITE, Defendant, and J. D. C. K. J. CORP., Appellant. [830 NYS2d 352]—

In an action to recover damages for personal injuries, etc., the defendant J. D. C. K. J. Corp. appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 30, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On the day of the accident in question, the injured plaintiff, who was employed as a deputy sheriff, was assigned with another officer to evict the defendant Mary Ann White from an apartment building owned by the defendant J. D. C. K. J. Corp. (hereinafter JDCKJ). The injured plaintiff, who arrived at the premises earlier than his assigned partner, went up to White's apartment to see if a representative from JDCKJ was inside the premises and to see if White had voluntarily left the premises. The main entrance into the building was not locked, and he entered the building without any difficulty. When he went upstairs to White's apartment, the injured plaintiff found White's apartment door ajar, and he knocked on the door and announced himself. After White appeared at the door, two pit bull dogs suddenly emerged from White's apartment and attacked the injured plaintiff.

To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, a plaintiff must establish that the landlord had notice that a dog was being harbored on the premises, knew or should have known that the dog had vicious propensities, and had sufficient control of the premises to allow the landlord to remove or confine the dog (see Bard v Jahnke, 6 NY3d 592 [2006]; Baisi v Gonzalez, 97 NY2d 694 [2002]; Young v Tirrell, 1 AD3d 509 [2003]; Mehl v Fleisher, 234 AD2d 274

[1996]). In opposition to JDCKJ's demonstration of its entitlement to judgment as a matter of law, the plaintiffs submitted evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Even assuming that White's affidavit submitted in opposition to the motion was inadmissible, the plaintiffs also submitted the deposition transcripts of White's neighbors and the complete deposition transcript of the injured plaintiff which were sufficient to raise a triable issue of fact as to whether JDCKJ had notice that White was harboring dogs in her apartment and whether it knew or should have known that the dogs had vicious propensities (*see Jennings v Nespolino*, 6 AD3d 582 [2004]; *Marcial v Maldonado*, 288 AD2d 357 [2001]).

Additionally, a triable issue of fact exists as to whether the injured plaintiff assumed the risk of injury (*see Turcotte v Fell*, 68 NY2d 432 [1986]). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.