■ Amanda L. Miller, Respondent, v Mark Isacoff et al., Appellants. [833 NYS2d 246]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Nassau County (LaMarca, J.), dated January 3, 2006, which denied their motion for summary judgment dismissing the complaint, and (2) a judgment of the same court (Spinola, J.), dated June 28, 2006, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $145,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Mark Isacoff owned a German Shepherd/Husky dog, who bit the plaintiff while she was attending a Labor Day barbecue at the defendants' house. After the plaintiff commenced the present action, the defendants moved for summary judgment dismissing the complaint on the ground that they did not know or have reason to know that the dog possessed a vicious propensity. In support of the motion, the defendants submitted Isacoff's deposition testimony in which he acknowledged that the dog would growl whenever the doorbell rang and that he had posted "Beware of Dog" signs on gates located on

both sides of the defendants' home. Isacoff explained at his deposition that he did not "want strangers walking in to [*sic*] [the dog] when he was alone in the backyard." This testimony raised triable issues of fact as to whether the defendants knew or should have known that the dog had vicious propensities (*see Collier v Zambito*, 1 NY3d 444, 447 [2004]; *Parente v Chavez*, 17 AD3d 648, 649 [2005]). Accordingly, the defendants failed to establish a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since the defendants failed to meet their burden, it is not necessary to consider whether the papers in opposition to the motion were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra*). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.