■ Sandra Jacobsen, Appellant, v Camille Schwarz, Respondent. [857 NYS2d 198]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 14, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when she was bitten by a

dog owned by the defendant. At the time of the incident, the plaintiff was working on a computer at the defendant's house. The defendant was lying on the floor next to the plaintiff's chair playing "tug of war" with her dog and a ball. The plaintiff maintains that when she put her hand down on the side of the chair she was bitten by the dog. The defendant moved for summary judgment arguing that there was no evidence that the defendant knew or should have known of the dog's vicious propensities.

An "owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]). A vicious propensity is the "propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (*id.*, quoting *Dickson v McCoy*, 39 NY 400, 403 [1868]). Accordingly, in order to recover in strict liability the plaintiff must prove that the owner knew or should have known of the vicious propensities of the animal (*see Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). This knowledge may be established with evidence of "prior acts of a similar kind of which the owner had notice" (*Collier v Zambito*, 1 NY3d at 446). It is not necessary to prove a prior bite (*see Bard v Jahnke*, 6 NY3d 592, 597 [2006]). Proof may consist of evidence that the animal had been known to "growl, snap or bare its teeth" or evidence showing whether and how the animal was restrained (*see Collier v Zambito*, 1 NY3d at 447). However, restraining of the animal or barking, in and of itself, is insufficient (*see Collier v Zambito*, 1 NY3d 444 [2004]).

Here, the defendant failed to establish her prima facie entitlement to judgment as a matter of law. The defendant acknowledged at her deposition that she advised the plaintiff that the dog was possessive about her ball and not to touch it. The defendant's son testified at his deposition that he was told the same. The plaintiff testified at her deposition that while she was at the defendant's house the dog would growl as she carried the ball in her mouth and as she played "tug of war" with the defendant. These warnings along with the dog's actions with the ball may give rise to a finding that the defendant knew or should have known that the dog possessed a vicious propensity or a proclivity to act in a way that puts others at risk of harm (*see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Collier v Zambito*, 1 NY3d at 447; *Parente v Chavez*, 17 AD3d 648, 649 [2005]).

Moreover, the plaintiff's sons submitted affidavits in which they stated that on a prior occasion they observed the dog growl-

ing and baring its teeth when they came near it (*see Miller v Isacoff*, 39 AD3d 718 [2007]). The deposition testimony along with the affidavits raised triable issues of fact as to whether the defendant knew or should have known of the dog's vicious propensities (*see Collier v Zambito*, 1 NY3d at 447; *Miller v Isacoff*, 39 AD3d at 719).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.