■ LOUIS MERINO et al., Appellants, v HIGINIO MARTINEZ, Respondent. [882 NYS2d 275]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 27, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the plaintiffs' cause of action sounding in strict liability and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On July 30, 2002 10-year-old Louis Merino (hereinafter the infant plaintiff) was bitten on the scalp by the defendant's rot-

tweiler dog. The infant plaintiff testified at his deposition that he had visited the defendant's house and seen the dog 15 to 20 times during the summer of 2002, prior to the day of the incident. After the plaintiffs commenced this action, the defendant moved for summary judgment dismissing the complaint.

The defendant established, prima facie, his entitlement to judgment as a matter of law dismissing the plaintiffs' cause of action sounding in strict liability, with evidence, inter alia, that the dog did not have vicious propensities (*see Petrone v Fernandez*, 12 NY3d 546 [2009]; *Bard v Jahnke*, 6 NY3d 592 [2006]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]). However, in opposition, the plaintiffs raised questions of fact as to whether the dog did indeed have vicious propensities, and as to whether the defendant knew or should have known of those propensities. The plaintiffs provided evidence that when the infant plaintiff encountered the dog for the first time, it growled at him, and that, on five or six other occasions, the dog not only growled at the infant plaintiff, but also bared its teeth (*see Dykeman v Heht*, 52 AD3d 767 [2008]). The plaintiffs presented additional evidence, indicating that when the defendant went to work in the morning, he would leave the dog tethered to a pole in the backyard by a five-to-six foot chain behind a cyclone fence. In addition, the dog was left outside throughout the night.

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' cause of action sounding in strict liability.

The plaintiffs' remaining contention is without merit. Florio, J.P., Miller, Covello and Austin, JJ., concur.