■ NATHANIEL J. FEIT et al., Appellants, v ROBERT WEHRLI et al., Respondents. [888 NYS2d 214]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 19, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were to dismiss the first, third, and fourth causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

To recover in strict liability in tort for injuries resulting from a dog bite or attack, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (see Palumbo v Nikirk, 59 AD3d 691 [2009]; Jacobsen v Schwarz, 50 AD3d 964, 965 [2008]). Evidence tending to demonstrate a dog's vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm (see Bard v Jahnke, 6 NY3d 592, 597 [2006]; Collier v Zambito, 1 NY3d 444, 446-447 [2004]; Galgano v Town of N. Hempstead, 41 AD3d 536 [2007]).

The defendants satisfied their prima facie burden of demonstrating their entitlement to judgment as a matter of law. In opposition, the plaintiffs raised a triable issue of fact regarding the defendants' prior knowledge of the subject dog's alleged vi-

cious propensities and, thus, whether the defendants could be held liable in strict liability for the infant plaintiff's injuries (*see Dykeman v Heht*, 52 AD3d 767 [2008]; *Miller v Isacoff*, 39 AD3d 718 [2007]).

However, as the plaintiffs cannot recover on their second cause of action alleging common-law negligence (*see Petrone v Fernandez*, 12 NY3d 546 [2009]; *Bard v Jahnke*, 6 NY3d at 599; *Frank v Eaton*, 54 AD3d 805 [2008]), that branch of the defendants' motion which was to dismiss that cause of action was properly granted. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.