■ LAMONT JONES, an Infant, by His Mother and Natural Guardian, ADDRENA JONES, Appellant, v PENNSYLVANIA MEAT MARKET et al., Respondents, et al., Defendants. [910 NYS2d 168]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated December 12, 2008, as granted that branch of the motion of the defendant MBM Associates which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the separate motion of the defendants Pennsylvania Meat Market, G&R Grocery, and Maritza Rodriguez which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and that branch of the motion of the defendant MBM Associates which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the separate motion of the defendants Pennsylvania Meat Market, G&R Grocery, and Maritza Rodriguez which was for summary judgment dismissing the complaint insofar as asserted against them are denied.

On September 15, 2003, then-13-year-old Lamont Jones (hereinafter the infant plaintiff) was bitten on the leg by a pit bull dog near the rear entrance of a grocery store operated by the defendants Pennsylvania Meat Market, G&R Grocery, and Maritza Rodriguez (hereinafter collectively the tenants). At the time of the incident, the dog was tied to the tenants' garbage dumpster. The grocery store was located in a strip mall owned by the defendant MBM Associates (hereinafter the landlord), and the landlord retained security guards to patrol the property. Both the infant plaintiff and his mother testified at their dep-

ositions that they shopped at the tenants' grocery store on a regular basis, and that they frequently saw the dog, which allegedly was owned by a store employee, tied to the dumpster. The infant plaintiff and his mother also testified that the dog had a tendency to bark, growl, and strain against its leash to lunge at people who were passing by. The infant plaintiff's mother further testified that she had previously complained to the tenants that the dog was dangerous and would end up biting someone, and that she had heard other people make similar complaints.

"To recover in strict liability in tort for [damages caused by] a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was [kept], knew or should have known of such propensities" (*Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]; *see Bard v Jahnke*, 6 NY3d 592 [2006]; *Collier v Zambito*, 1 NY3d 444, 448 [2004]; *Varvaro v Belcher*, 65 AD3d 1225 [2009]; *Lugo v Angle of Green*, 268 AD2d 567 [2000]).

Here, neither the tenants nor the landlord satisfied their respective prima facie burdens of demonstrating their entitlement to judgment as a matter of law. The evidence submitted in support of the motions for summary judgment, which included the deposition testimony of the infant plaintiff and his mother, raises triable issues of fact as to whether the tenants harbored the dog which allegedly was chained to their garbage dumpster on a regular basis, whether the landlord was aware that the dog was being harbored on its premises, whether the dog had vicious propensities, whether the tenants and the landlord knew or should have known of the dog's vicious propensities, and whether either or both the tenants and the landlord controlled the area where the incident occurred (*see Baisi v Gonzalez*, 97 NY2d 694, 695 [2002]; *Strunk v Zoltanski*, 62 NY2d 572, 575 [1984]; *Kidder v Moore*, 77 AD3d 1303 [2010]; *Feit v Wehrli*, 67 AD3d 729, 730 [2009]; *Varvaro v Belcher*, 65 AD3d 1225 [2009]; *Merino v Martinez*, 63 AD3d 1123, 1124 [2009]; *Miller v Isacoff*, 39 AD3d 718, 719 [2007]; *Bennett v White*, 37 AD3d 630 [2007]; *see also Sampino v Crescent Assoc., LLC*, 34 AD3d 779, 782 [2006]). Since the tenants and the landlord failed to meet their respective prima facie burdens, the Supreme Court should have denied those branches of their separate motions which were for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Miller v Isacoff*, 39 AD3d at 718). Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.