■ ANTHONY SARNO, an Infant, by His Mother and Natural Guardian, KATHY QUINTAS, et al., Respondents, v WILLIAM B. KELLY et al., Appellants, et al., Defendants. [912 NYS2d 130]—

In a consolidated action to recover damages for personal injuries, etc., the defendants William B. Kelly and Regina Kelly appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.) dated July 20, 2009, as denied that branch of their motion which was for summary judgment dismissing the cause of action sounding in strict liability insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' motion which was for summary judgment dismissing the cause of action sounding in strict liability insofar as asserted against them is granted.

On the afternoon of March 8, 2002, a bull mastiff dog named Myron, owned by Barbara J. Claus, formerly known as Barbara Gassaway (hereinafter Claus), bit the infant plaintiff (hereinafter the infant) in his right thigh, while the infant was walking ahead of his mother immediately in front of their own driveway. Claus resided in a house directly across the street from the infant and his mother, which Claus rented from the appellants, William B. Kelly and Regina Kelly. Claus first acquired the dog approximately eight months prior to the attack and, on the day of the incident, also kept a second bull mastiff named Daisy at the rented house. It is undisputed that throughout the period of time that Myron was kept at the rented house, the appellants were absentee landlords.

To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog (see Bard v Jahnke, 6 NY3d 592 [2006]; Ali v Weigand, 37 AD3d 628 [2007]).

The evidence submitted by the appellants in support of their

motion, including, inter alia, their own deposition testimony, established their entitlement to judgment as matter of law (*see Ali v Weigand,* 37 AD3d at 628). William B. Kelly testified at his deposition that, during the period of time in question, he visited the rental house approximately once per month to collect rent and check on the house in general, and that, on two of those occasions, when he entered the house, he observed a bull mastiff present. He further testified that, on at least one of those occasions, he petted the dog on the head without incident. Thus, William B. Kelly established that he neither knew nor should have known that Myron had vicious propensities, and that he did not have sufficient control over the premises to allow him to remove or confine Myron. Regina Kelly testified that she visited the rental house approximately eight times in the two years prior to the incident, and that she knew what a bull mastiff looked like, but that she had never seen such a dog when she visited the house. Accordingly, she established that she did not have notice that a dog was being harbored at the rental house, and that she also did not have sufficient control over the premises.

In opposition to the appellants' showing, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Therefore, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the strict liability cause of action insofar as asserted against them. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.