■ DWAYNE MCKNIGHT et al., Respondents, v ATA HOUSING CORP. et al., Appellants. (And a Third-Party Action.) [942 NYS2d 210]—

In action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 8, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 16, 2007, the infant plaintiff was staying at the apartment of the third-party defendant, his aunt, when he allegedly was bitten by her pit bull terrier. The defendants owned and managed the apartment building in which the third-party defendant rented her apartment.

"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (*Sarno v Kelly*, 78 AD3d 1157, 1157 [2010]; *see Baisi v Gonzalez*, 97 NY2d 694, 695 [2002]; *Strunk v Zoltanski*, 62 NY2d 572, 575 [1984]; *Jones v Pennsylvania Meat Mkt.*, 78 AD3d 658, 659 [2010]; *Bennett v White*, 37 AD3d 630, 630 [2007]; *Ali v Weigand*, 37 AD3d 628, 628-629 [2007]; *Madaia v Petro*, 291 AD2d 482, 483 [2002]; *Bemiss v Acken*, 273 AD2d 332, 333 [2000]).

In opposition to the defendants' demonstration of their entitlement to judgment as a matter of law (*see Beljean v Maiuzzo*, 256 AD2d 533, 533 [1998]), the plaintiffs submitted evidence sufficient to raise a triable issue of fact (*see Bennett v White*, 37 AD3d at 631; *Han v F & M Enter. of Corona Corp.*, 293 AD2d 572, 573 [2002]; *Beljean v Maiuzzo*, 256 AD2d at 534). The affidavits from the neighbors of the third-party defendant submitted by the plaintiffs in opposition to the motion were sufficient to raise a triable issue of fact as to whether the

defendants had notice that the third-party defendant was harboring a dog in her apartment and whether they knew or should have known that the dog had vicious propensities (*see Bennett v White*, 37 AD3d at 631). Further, the deposition testimony of the defendants' assistant superintendent also raised a triable issue of fact as to whether the defendants had notice that the third-party defendant was harboring a dog in her apartment.

The defendants' remaining contention is without merit (*see Quiroa v Ferenczi*, 77 AD3d 901, 901-902 [2010]; *Stern v Waldbaum, Inc.*, 234 AD2d 534, 535 [1996]). Rivera, J.P., Chambers, Austin and Roman, JJ., concur.