■ DALIA VELEZ, Appellant, v IVOR ANDREJKA, Defendant, and WESTWOOD HOUSE, LLC, et al., Respondents. [5 NYS3d 212]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated September 25, 2013, as granted that branch of the motion of the defendants Westwood House, LLC, Stellar Management, and Mason Management Services Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Westwood House, LLC, Stellar Management, and Mason Management Services Corp. which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff alleged that, on November 26, 2010, she was injured on premises located at 50 West 93rd Street in Manhattan, as she was trying to evade a dog attack in the courtyard of those premises. According to the plaintiff, she had never been to the location before that date. On that date, she was working as a home care aide for a tenant in the building and was leaving the premises when the alleged attack occurred. The building, at the time, was owned by the defendant Westwood House, LLC, and was managed by the defendant Mason Management Services Corp., doing business as the defendant Stellar Management (hereinafter collectively the respondents). The owner of the dog involved in the alleged attack, the defendant Ivor Andrejka, was a tenant in the building and was present when the alleged attack occurred. The dog was an American Staffordshire Terrier.

"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Sareyani-Coffey v Mc-*

*Aleer*, 112 AD3d 907 [2013]; *Roche v Bryant*, 81 AD3d 707 [2011]; *Ayres v Martinez*, 74 AD3d 1002 [2010]; *Hodgson-Romain v Hunter*, 72 AD3d 741 [2010]; *Varvaro v Belcher*, 65 AD3d 1225 [2009]; *Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 707-708 [2008]). Vicious propensities include the " 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*Collier v Zambito*, 1 NY3d at 446, quoting *Dickson v McCoy*, 39 NY 400, 403 [1868]; *see Claps v Animal Haven, Inc.*, 34 AD3d 715 [2006]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d at 741; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Feit v Wehrli*, 67 AD3d 729 [2009]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]). "To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (*Sarno v Kelly*, 78 AD3d 1157, 1157 [2010]; *see Baisi v Gonzalez*, 97 NY2d 694, 695 [2002]; *Strunk v Zoltanski*, 62 NY2d 572, 575 [1984]; *McKnight v ATA Hous. Corp.*, 94 AD3d 957 [2012]; *Jones v Pennsylvania Meat Mkt.*, 78 AD3d 658, 659 [2010]; *Bennett v White*, 37 AD3d 630, 630 [2007]; *Ali v Weigand*, 37 AD3d 628, 628-629 [2007]; *Madaia v Petro*, 291 AD2d 482, 483 [2002]; *Bemiss v Acken*, 273 AD2d 332, 333 [2000]).

Here, in support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the respondents failed to make a prima facie showing of their entitlement to judgment as a matter of law. The respondents moved for summary judgment on the sole ground that they had no knowledge that the subject dog had any vicious propensities. However, the evidence they relied upon in support of their motion raised triable issues of fact as to whether the subject dog had vicious propensities and, if so, whether they had knowledge of, or should have had knowledge of those propensities prior to the subject accident (*see Jones v Pennsylvania Meat Mkt.*, 78 AD3d 658 [2010]; *Miller v Isacoff*, 39 AD3d 718 [2007]; *cf. Sarno v Kelly*, 78 AD3d at 1157; *Bartoli v Asto Constr. Corp.*, 22 AD3d 437 [2005]; *Smith v New York City Hous. Auth.*, 304 AD2d 646 [2003]; *Kempter v Erban*, 284 AD2d 503 [2001]). Since the respondents failed to meet their prima facie burden,

the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Jones v Pennsylvania Meat Mkt.*, 78 AD3d at 658; *Miller v Isacoff*, 39 AD3d at 718). Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur. 