■ Sooji Kim et al., Respondents, v Richard D. Hong, Appellant, et al., Defendant. [40 NYS3d 431]—

In an action to recover damages for personal injuries, the defendant Richard D. Hong appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered February 24, 2016, as, in effect, upon renewal, adhered to a determination in an order dated August 3, 2015, denying his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order entered February 24, 2016, is modified, on the law, by deleting the provision thereof, upon renewal, adhering to so much of the determination in the order

dated August 3, 2015, as denied those branches of the motion of the defendant Richard D. Hong which were for summary judgment dismissing the first and second causes of action insofar as asserted against that defendant, and substituting therefor a provision, upon renewal, vacating that portion of the order dated August 3, 2015, and thereupon granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Sooji Kim (hereinafter the injured plaintiff) resided with her husband, the plaintiff Sun Koo Kim, at a two-family home in Whitestone (hereinafter the subject property) where they rented the ground floor apartment. The defendant Richard D. Hong (hereinafter the appellant) owned the subject property and the defendant Sung Taik H. Hong (hereinafter Sung), who is the appellant's father, rented the second floor apartment where he. resided with his wife and two dogs. The injured plaintiff allegedly was attacked and injured by one of Sung's dogs as she attempted to enter her apartment. Shortly thereafter, the plaintiffs commenced this action against the appellant and Sung, alleging three causes of action. Prior to discovery, the appellant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated August 3, 2015, the Supreme Court denied the motion. In or around October 2015, after the completion of discovery, the appellant moved pursuant to CPLR 2221 for leave to renew his prior motion. In an order entered February 24, 2016, the Supreme Court, in effect, upon renewal, adhered to its prior determination.

Upon renewal, the Supreme Court should have granted those branches of the appellant's motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against him, which alleged common-law negligence and a derivative claim by the injured plaintiff's husband, respectively. "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]). Therefore, the plaintiffs cannot succeed on the first or second causes of action (*see Feit v Wehrli*, 67 AD3d 729, 730 [2009]).

As for the third cause of action, " '[t]o recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to

allow the landlord to remove or confine the dog' " (*Velez v Andrejka*, 126 AD3d 685, 686 [2015], quoting *Sarno v Kelly*, 78 AD3d 1157, 1157 [2010]; *see McKnight v ATA Hous. Corp.*, 94 AD3d 957 [2012]).

Upon renewal, the appellant established his prima facie entitlement to judgment as a matter of law dismissing the third cause of action insofar as asserted against him (*see McKnight v ATA Hous. Corp.*, 94 AD3d at 957). In support of his motion, he submitted, inter alia, his deposition transcript and the deposition transcripts of the injured plaintiff and Sung. This evidence demonstrated, prima facie, that the appellant was not aware, nor should have been aware, that the dog had any vicious propensities (*see Ioveno v Schwartz*, 139 AD3d 1012 [2016]; *Vallejo v Ebert*, 120 AD3d 797, 798 [2014]; *Merino v Martinez*, 63 AD3d 1123 [2009]). In opposition, however, the plaintiffs raised triable issues of fact as to whether the dog did indeed have vicious propensities and whether the appellant knew or should have known of them (*see McKnight v ATA Hous. Corp.*, 94 AD3d at 958; *Merino v Martinez*, 63 AD3d at 1124; *Wilson v Livingston*, 305 AD2d 585 [2003]). Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the third cause of action insofar as asserted against him. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.