■ James Kraycer, Appellant, v Fowler St., LLC, Respondent, et al., Defendant. [48 NYS3d 206]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated February 10, 2016, which granted the motion of the defendant Fowler St., LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Fowler St., LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on July 23, 2010, when he was bitten by a dog owned by the defendant Jacquelyn Houck, inside of an apartment that Houck leased from the defendant Fowler St., LLC (hereinafter Fowler). Fowler moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not aware, nor should it have been aware, that the dog had vicious propensities. The plaintiff opposed the motion, contending that Fowler's agents had notice of the dog's vicious propensities and that their knowledge should be imputed to Fowler. The Supreme Court granted the motion.

"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (*Sarno v Kelly*, 78 AD3d 1157, 1157 [2010]; *see Sooji Kim v Hong*, 143 AD3d 804 [2016]; *Velez v Andrejka*, 126 AD3d 685, 686 [2015]; *McKnight v ATA Hous. Corp.*, 94 AD3d 957 [2012]). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others" (*Lew v Stratigakis*, 135 AD3d 832, 833 [2016]; *see Collier v Zambito*, 1 NY3d 444, 446 [2004]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d 741, 741 [2010]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Lew v Stratigakis*, 135 AD3d at 833; *Velez v Andrejka*, 126 AD3d at 686).

Fowler met its prima facie burden for judgment as a matter of law by demonstrating that it was not aware, nor should it have been aware, that the dog had any vicious propensities (*see Sooji Kim v Hong*, 143 AD3d 804 [2016]; *Ioveno v Schwartz*, 139 AD3d 1012, 1012-1013 [2016]; *Vallejo v Ebert*, 120 AD3d 797, 798 [2014]; *Levine v Kadison*, 70 AD3d 651, 652 [2010]; *Merino v Martinez*, 63 AD3d 1123, 1124 [2009]). However, in opposition to the motion, the plaintiff raised a triable issue of fact as to whether nonparties John Martel and Carlos Ortez

were Fowler's agents such that their knowledge of the dog's alleged vicious propensities could be imputed to Fowler (*see Wilson v Livingston*, 305 AD2d 585, 586 [2003]; *see also McKnight v ATA Hous. Corp.*, 94 AD3d at 958).

Accordingly, the Supreme Court should have denied Fowler's motion for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.