Lipinsky v Yarusso (2018 NY Slip Op 05925)





Lipinsky v Yarusso


2018 NY Slip Op 05925


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-11359
 (Index No. 8262/15)

[*1]Frederick Lipinsky, appellant, 
v
Anthony Yarusso, respondent.


Reynolds, Caronia, Gianelli & La Pinta, P.C., Hauppauge, NY (Christopher J. Purcell of counsel), for appellant.
Roe & Associates, Garden City, NY (Jacqueline R. Garren of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated July 31, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On June 24, 2014, the defendant's dog, then approximately 10 years old, allegedly bit the plaintiff's left thumb. The plaintiff and the defendant worked together and were social friends. As the plaintiff had been to the defendant's residence 20 to 40 times prior to the incident, he was familiar with the dog. The plaintiff commenced this personal injury action against the defendant. Subsequently, the defendant moved for summary judgment dismissing the complaint, contending that his dog did not have vicious propensities and that, in any event, he was not aware of any such propensities. The Supreme Court granted the motion, and the plaintiff appeals.
"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (Palumbo v Nikirk, 59 AD3d 691, 691; see Petrone v Fernandez, 12 NY3d 546, 550; Collier v Zambito, 1 NY3d 444, 446; Ostrovsky v Stern, 130 AD3d 596). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d at 597; Velez v Andrejka, 126 AD3d 685, 686).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that his dog did not have vicious propensities and, in any event, that he neither knew nor should have known of any such propensities (see Cintorrino v Rowsell, _____ [*2]AD3d _____, 2018 NY Slip Op 05446 [2d Dept 2018]; Ioveno v Schwartz, 139 AD3d 1012; Roche v Bryant, 81 AD3d 707, 708; Ayres v Martinez, 74 AD3d 1002; Lugo v Angle of Green, 268 AD2d 567). However, in opposition to the motion, the plaintiff raised triable issues of fact as to whether the defendant's dog had vicious propensities, and whether the defendant knew or should have known of the dog's alleged vicious propensities (see McKnight v ATA Hous. Corp., 94 AD3d 957, 957-958; Moriano v Schmidt, 133 AD2d 72). According to an affidavit of the plaintiff's neighbor Michael Walters, submitted in opposition to the motion, on two occasions prior to the incident, the defendant warned Walters to be careful near the dog because he bites. This affidavit was sufficient to raise a triable issue of fact as to whether the defendant had actual and/or constructive notice that the dog had vicious propensities (see McKnight v ATA Hous. Corp., 94 AD3d at 957-958; Miller v Isacoff, 39 AD3d 718, 719; Bennett v White, 37 AD3d 630, 631). Contrary to the defendant's contention, Walters' affidavit was admissible, notwithstanding that it was subscribed and sworn to out of state and not accompanied by a certificate of conformity as required by CPLR 2309(c), as such a defect is not fatal, and no substantial right of the defendant was prejudiced by disregarding the defect (see CPLR 2001; Voskoboinyk v Trebisovsky, 154 AD3d 997, 998; Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071). The defendant's contention that Walters' affidavit should not be considered because Walters had not previously been disclosed as a witness, raised for the first time on appeal, is not properly before this Court (see Warren v Carreras, 133 AD3d 592, 594).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court