Logie v Lester (2019 NY Slip Op 01752)





Logie v Lester


2019 NY Slip Op 01752


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-11464
 (Index No. 23131/13)

[*1]Juliette Logie, appellant, 
v
Sam Lester, et al., defendants, Sam G. Lester, Jr., respondent.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel, Julie T. Mark, and Jason Herbert of counsel), for appellant.
Mazzara & Small, P.C., Bohemia, NY (Angela P. Pensabene of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated July 31, 2017. The order granted the motion of the defendant Sam G. Lester, Jr., for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action after she was bitten by a dog inside a house owned by the defendant Sam G. Lester, Jr. (hereinafter the landlord), and leased by the defendants Sam Lester and Hillary Ann Lester (hereinafter together the tenants). The dog that bit the plaintiff was owned by the tenants. The landlord moved for summary judgment dismissing the complaint insofar as asserted against him, and the Supreme Court granted the motion. The plaintiff appeals.
"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, 1157; see Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039; Sooji Kim v Hong, 143 AD3d 804, 805-806; Velez v Andrejka, 126 AD3d 685, 686; McKnight v ATA Hous. Corp., 94 AD3d 957). Here, the landlord established his prima facie entitlement to judgment as a matter of law by demonstrating that, at the time of the incident, he was not aware that a dog with vicious propensities was being harbored on the premises (see Madaia v Petro, 291 AD2d 482, 483). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's grant of the landlord's motion for summary judgment dismissing the complaint insofar as asserted against him.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court