King v Hoffman (2019 NY Slip Op 08994)





King v Hoffman


2019 NY Slip Op 08994


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-00728
 (Index No. 50415/15)

[*1]Ricardo King, etc., appellant, 
v
Ricardo Hoffman, et al., respondents.


Worby Vecchio Edelman LLP, White Plains, NY (Michael G. Del Vecchio and Richard S. Vecchio of counsel), for appellant.
Miranda Sambursky Slone Sklarin Verveniotis, LLP, Elmsford, NY (Debora J. Dillon of counsel), for respondents Ricardo Hoffman, Paige Hoffman, and SH.
Collins, Fitzpatrick & Schoene, LLP, White Plains, NY (Charles A. Collins, Jr., of counsel), for respondents Melinda Kaufman and Mark Thomas Kaufman.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains, NY (Elizabeth M. Hecht of counsel), for respondent River Management, Development and Realty, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated January 10, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Ricardo Hoffman, Paige Hoffman, and SH which was for summary judgment dismissing the strict liability cause of action insofar as asserted against them, granted those branches of the separate motions of the defendants Melinda Kaufman and Marc Thomas Kaufman and the defendant River Management, Development and Realty, Inc., which were for the same relief as to them, and denied, as academic, the plaintiff's cross motion for a unified trial.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting that branch of the motion of the defendants Ricardo Hoffman, Paige Hoffman, and SH which was for summary judgment dismissing the strict liability cause of action
insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying, as academic, the plaintiff's cross motion for a unified trial; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Ricardo Hoffman, Paige Hoffman, and SH, and the matter is remitted to the Supreme Court, Dutchess County, for a determination on the merits of the plaintiff's cross motion.
The plaintiff's child, FBK, suffered injuries inflicted by a dog owned by the defendants Ricardo Hoffman, Paige Hoffman, and SH, a minor (hereinafter collectively the Hoffman defendants). The incident occurred on September 8, 2014, when FBK was eight years old. At the time of the incident, the plaintiff and FBK lived in the first-floor unit of a two-family house, and the Hoffman defendants lived in the second-floor unit. FBK asked SH for permission to enter the [*2]Hoffman defendants' apartment to use the restroom. FBK claimed that before SH allowed FBK into the apartment, SH ensured that the Hoffman defendants' dog was secured upstairs. As SH and FBK walked up the stairs to the Hoffman defendants' apartment, the dog ran down the stairs and bit FBK on the leg and buttock area.
The plaintiff commenced this action, inter alia, to recover damages based on a theory of strict liability.
The Hoffman defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the strict liability cause of action insofar as asserted against them. The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability, whereby "a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities" (Ioveno v Schwartz, 139 AD3d 1012, 1012; see Petrone v Fernandez, 12 NY3d 546, 550; Collier v Zambito, 1 NY3d 444, 446). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d at 597; Velez v Andrejka, 126 AD3d 685, 686).
The record shows, inter alia, that prior to this incident, the dog was often restrained within the Hoffman defendants' apartment, particularly when visitors were present, but also, while only family members were present. By itself, the fact that a dog has been customarily confined cannot serve as the predicate for liability where "[t]here [is] no evidence that [the dog] was confined because the owners feared [it] would do any harm to their visitors" (Collier v Zambito, 1 NY3d at 447; see Roche v Bryant, 81 AD3d 707, 708; Sers v Manasia, 280 AD2d 539, 540). Here, however, the record contains evidence that the Hoffman defendants attempted to limit interaction between the dog and visitors. The record shows that SH attempted to secure the dog prior to letting FBK into the apartment on the date of the incident. The record also shows that the Hoffman defendants acquired the dog partly to provide "security" for the family.
In addition, viewing the evidence in the light most favorable to the nonmovants (see
Stukas v Streiter, 83 AD3d 18, 22), the record shows that approximately two months prior to the incident, this dog allegedly attempted to bite the plaintiff, tearing his pants leg. Further, the evidence of the "intensity and ferocity" of the attack tends to establish the Hoffman defendants' knowledge of the dog's vicious propensities (see Matthew H. v County of Nassau, 131 AD3d 135, 148). Under these circumstances, the Hoffman defendants were not entitled to summary judgment dismissing the plaintiff's strict liability cause of action insofar as asserted against them (see Sooji Kim v Hong, 143 AD3d 804, 805-806; Merino v Martinez, 63 AD3d 1123, 1124; Miller v Isacoff, 39 AD3d 718, 718-719).
However, we agree with the Supreme Court's determination to award summary judgment dismissing the strict liability cause of action insofar as asserted against the defendants Melinda Kaufman and Marc Thomas Kaufman (hereinafter together the Kaufman defendants), the property owners, and the defendant River Management, Development and Realty, Inc. (hereinafter River Management), the property manager. "To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, 1157; see Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039). These standards are applicable to actions commenced against property managers (see Velez v Andrejka, 126 AD3d at 685-686; Mulhern v Chai Mgt., 309 AD2d 995; Lepore v DiCarlo, 272 AD2d 878).
It is undisputed that as of June 2014, approximately three months prior to the incident, the River Management employee who was responsible for this property was aware that the Hoffman [*3]defendants had a dog at the premises. Such knowledge by River Management, as agent, is imputed to the property owners (see Wilson v Livingston, 305 AD2d 585, 586).
However, the Kaufman defendants and River Management established, prima facie, that they had no knowledge of any vicious propensities on the part of the dog. Those defendants showed that the River Management employee responsible for this property and the Kaufman defendants had no specific information about the dog, and had never seen it. In opposition to that showing, the plaintiff failed to raise a triable issue of fact (see Bukhtiyarova v Cohen, 172 AD3d 1153, 1155; Sarno v Kelly, 78 AD3d at 1158; Eibl v Snyder, 74 AD3d 1822, 1823).
In light of our determination, the plaintiff's cross motion for a unified trial on the issues of liability and damages is no longer academic. Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a determination on the merits of the plaintiff's cross motion (see e.g. Horowitz v 763 E. Assoc., LLC, 125 AD3d 808, 811; Headley v City of New York, 115 AD3d 804, 807).
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court