Hunt v Public Adm'r of Kings County (2020 NY Slip Op 00110)





Hunt v Public Adm'r of Kings County


2020 NY Slip Op 00110


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-04274
 (Index No. 8732/15)

[*1]Fantasia Hunt, appellant, 
v
Public Administrator of Kings County, etc., respondent.


Mark Halberstam, Brooklyn, NY (Jeffrey Schwartz of counsel), for appellant.
Martyn & Martyn (Correia, King, Fodera, McGinnis & Liferiedge, New York, NY [Michael Deguida-Derise and Jose M. Gomez], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 22, 2018. The order, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff.
The plaintiff allegedly sustained injuries when she was bitten by a dog owned by an occupant of a residential building. The plaintiff commenced this action against the owner of the premises. Following discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, based upon a lack of prior knowledge of the dog's vicious propensities. The plaintiff appeals.
To recover damages against a property owner for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities; and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog (see Sarno v Kelly, 78 AD3d 1157, 1157). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation'" (Collier v Zambito, 1 NY3d 444, 446, quoting Dickson v McCoy, 39 NY 400, 403; see Claps v Animal Haven, Inc., 34 AD3d 715, 716).
Here, the defendant failed to submit evidence sufficient to establish, prima facie, either that the dog did not have vicious propensities, or that the owner of the premises did not know or have reason to know of the dog's vicious propensities. In support of the motion, the defendant merely submitted a transcript of the deposition testimony of the plaintiff, who was not aware of the dog's behavior generally or what the owner of the premises knew about the dog's general disposition [*2]or behavior (see Ortiz v Contreras, 53 AD3d 603, 603-604). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court