J.R. v Poonam Apts., LLC (2020 NY Slip Op 04980)





J.R. v Poonam Apts., LLC


2020 NY Slip Op 04980


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-02788
 (Index No. 11111/14)

[*1]J. R., etc., et al., plaintiffs, 
v
Poonam Apartments, LLC, appellant, et al., defendants.


Eustace, Prezioso & Yapchanyk, New York, NY (Robert M. Michell of counsel), for appellant.
Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Frank DiBari and Glen Devora of counsel), for plaintiffs.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Poonam Apartments, LLC, appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated January 7, 2019. The order denied the motion of the defendant Poonam Apartments, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Poonam Apartments, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On December 14, 2013, at about 7:00 p.m., the infant plaintiff was bitten by a dog within one of the rental units of an apartment building owned by the defendant Poonam Apartments, LLC (hereinafter Poonam). The infant plaintiff, and her mother suing derivatively, commenced this action against Poonam, among others. Poonam moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, based upon evidence that the dog was owned by a guest of one of the tenants of the building, and that the tenant of the apartment where the incident occurred signed a rider to his lease stating he did not have a pet. The plaintiffs filed no papers in opposition to the motion.
The Supreme Court denied Poonam's motion, stating that Poonam failed to establish, prima facie, that it did not know about the dog or have reason to know of the dog's alleged vicious propensities. Poonam appeals.
"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, 1157; see Collier v Zambito, 1 NY3d 444, 446; King v Hoffman, 178 AD3d 906; Bukhtiyarova v Cohen, 172 AD3d 1153, 1154; Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039; Velez v Andrejka, 126 AD3d 685, 686). Here, Poonam established, prima facie, that the subject dog was not owned by a tenant of the premises, that it was not regularly harbored on the [*2]premises, and that Poonam had no notice of the dog's presence on the premises (see King v Hoffman, 178 AD3d 906; cf. Hunt v Public Adm'r of Kings County, 179 AD3d 652). The plaintiffs submitted no papers in opposition and, therefore, failed to raise a triable issue of fact.
Accordingly, Poonam's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court